UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SUSAN D. MORRISON,<br><br>       Plaintiff,<br><br>-against-<br><br>UNIVERSITY OF TEXAS; STATE OF TEXAS; THOMAS SPENCER; APPLE,<br><br>       Defendants. | 1:24-CV-3494 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Plaintiff Susan D. Morrison, a resident of Baton Rouge, Louisiana, brings this *pro se* action under the court's federal question jurisdiction, alleging that she was "unjustly terminated" from her job. (ECF 1 ¶ III.) Named as defendants are: (1) the University of Texas; (2) the State of Texas; (3) Thomas Spencer, a resident of Dallas, Texas; and (4) Apple. For the following reasons, the Court transfers this action to the United States District Court for the Northern District of Texas.

## DISCUSSION

  Under 28 U.S.C. § 1391(b), a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

  For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that her former employer, whom she does not identify, "black[b]alled" [her] in the state of Texas; "harassed [her] in [her] neighborhood"; prevented her from practicing her religion; and caused her house to go into foreclosure. (ECF 1 ¶ III.) According to Plaintiff, the underlying events occurred in the "State of Tx, State of La., New York, Costa Rica, etc." (*Id.*) She does not specify where in Texas these events occurred, and she does not provide facts regarding events occurring outside of Texas. Plaintiff alleges that Defendant Spencer resides in Dallas, Texas, which is located in the Northern District of Texas. *See* 28 U.S.C. § 124(a)(1). She does not provide addresses for the University of Texas, the State of Texas, or Apple.

Because Plaintiff does not allege that any Defendant resides here, or that any Defendant is subject to personal jurisdiction here, venue does not appear to be proper under Section 1391(b)(1) or (b)(3). Although Plaintiff seems to allege that some underlying events occurred in New York State, which could make venue proper here under Section 1391(b)(2), she does not explain what those events were and where in New York State they occurred.

Under 28 U.S.C. § 1404(a), even if an action is filed in a jurisdiction where venue is proper, a court may transfer the action to any other district court where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412,

458-59 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer appears to be appropriate for this action. Plaintiff does not reside in this judicial district. The events discussed in the complaint occurred in Texas, apparently including in the Northern District of Texas, where most of the defendants appear to reside, and it is reasonable to expect that any relevant documents and witnesses also would be located there. Thus, the United States District Court for the Northern District of Texas appears to be a more convenient forum for this action. Accordingly, this Court transfers this action to that court. 28 U.S.C. §§ 1391(b)(2); 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Northern District of Texas. *See* 28 U.S.C. §§ 1391(b)(2); 1404(a). Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. Summonses shall not issue from this Court. This order closes this action in this court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  May 10, 2024
         New York, New York

                                 /s/ Laura Taylor Swain
                                 LAURA TAYLOR SWAIN
                               Chief United States District Judge